**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**NATHANIEL J. BROWN, #109140,**

    **Plaintiff,**

vs.                                                                     **Case No.: 4:13cv22-WS/CAS**

**SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a civil rights complaint, doc. 1, and a motion for leave to proceed in forma pauperis (IFP), doc. 2, on January 17, 2013. At the same time Plaintiff initiated this case, he simultaneously sought to initiate case number 4:12cv21 and case number 4:13cv23. In this case, an Order was entered which deferred ruling on Plaintiff's IFP motion because it was deficient. Doc. 4. Subsequently, Plaintiff filed a motion to amend his complaint. Doc. 5. Plaintiff's motion to amend, doc. 5, was recently granted. Doc. 6. Thereafter, Plaintiff filed a second motion to amend, doc. 7, which lists all three of Plaintiff's recent cases and states he seeks to amend his complaint in each case. Review of one case in particular explains the reason for Plaintiff's motion to amend.

In case number 4:13cv21, Magistrate Judge Gary Jones entered a Report and Recommendation in which he found that Plaintiff had not acknowledge all of his prior cases and, more importantly, it was discovered that Plaintiff had three prior cases dismissed under 28 U.S.C. § 1915(e). Doc. 4. Even more indicative that Plaintiff did not mistakenly forget to list all his prior cases is the fact that one of the cases Plaintiff failed to list was dismissed because Plaintiff failed to acknowledge all of his prior cases in that case. *See* case number 3:07-cv-750 (M.D. Fla. Aug. 30, 2007). That Report and Recommendation identified two other cases which were dismissed under § 1915(e): case number 3:07-cv-717 (M.D. Fla. Aug. 21, 2007) (dismissing complaint as frivolous), and case number 3:07-cv-894 (M.D. Fla. July 11, 2008) (dismissing complaint as frivolous). The Report and Recommendation was entered on January 24, 2013. It is clear that Plaintiff's motion to amend, filed in all three cases, is in response to that Report and Recommendation.

The reality of Plaintiff's current situation is that not only did Plaintiff fail to disclose all his prior cases, he is not entitled to proceed with IFP status pursuant to 28 U.S.C. § 1915(g) because Plaintiff has had three cases dismissed under § 1915(e). In denying Plaintiff's motion to amend in case number 4:13cv21, Magistrate Jones found that Plaintiff had not provided sufficient facts which "persuade the Court that his lack of candor in completing his original complaint should be excused by permitting him to file an amended complaint." Doc. 6 of that case. "Moreover, Plaintiff does not dispute that he is subject to the three strikes bar of 28 U.S.C § 1915(g)." *Id.* A different and inconsistent finding should not be reached in this case. Plaintiff does not come within the exception of § 1915(g) because he cannot present allegations of imminent

serious physical injury against the named Defendant in this case as that Defendant is not physically present with Plaintiff.

Therefore, it is recommended that Plaintiff's second motion to amend, doc. 7, be **DENIED** because leave to amend is futile in light of the fact that Plaintiff has not paid the filing fee at the time of case submission. Moreover, Plaintiff's motion for leave to proceed IFP, doc. 2, should be **DENIED** because Plaintiff is barred by 28 U.S.C. § 1915(g) from being granted leave to so proceed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second motion to amend, doc. 7, be **DENIED**, that Plaintiff's motion for leave to proceed in forma pauperis, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e) as abuse of the judicial process, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on February 8, 2013.

        S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**